# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *
                                 *
CLAUDIA ASTRID HURTADO VARGAS,   *
                                 *
                Plaintiff,       *      No. 12-508C
                                 *
        v.                       *      (Filed:  December 15, 2014)
                                 *
THE UNITED STATES OF AMERICA,    *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

## PROTECTIVE ORDER

The Court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information.  Accordingly, the parties shall comply with the terms and conditions of this Protective Order.  Subject to further order of the Court, all documents filed after the issuance of this Protective Order shall be considered to be under seal.

1. <u>Protected Information Defined</u>.  The term "Protected Information" shall refer to information or documents, designated as such by a party in this litigation, in accordance with this Order.  Defendant may designate documents or information as Protected Information if, at the time of designation, Defendant believes that such documents or information could jeopardize law enforcement policies, procedures, techniques, operations or investigations if released.

2. <u>Identifying Protected Information</u>. The designation of Protected Information must be made by marking documents (including written discovery responses) with the following legend prior to production:  "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER."

3. <u>Identifying Protected Information in Deposition Testimony</u>.  If Defendant seeks to designate deposition testimony as Protected Information, Defendant must designate the portion of the testimony as such within ten business days after receipt of the initial transcript and take the appropriate steps to ensure that the Court Reporter properly marks the official transcript.

4. <u>Protecting Documents Not Previously Sealed</u>.  If Defendant fails to designate an item as Protected Information at the time of production or, for transcripts, within the time

prescribed, Defendant may correct this failure by notifying Plaintiff's counsel of this fact in a writing accompanied by a substitute copy of any such item. If the newly designated material has been publicly filed, Defendant's counsel should notify Plaintiff's counsel and request that the Court place the affected publicly filed documents under seal. Pending a ruling by the Court, Plaintiff will treat the material as Protected Information. If the newly designated material has not been publicly filed, Plaintiff's counsel will destroy the unmarked copy and notify Defendant's attorney of record in writing that it has been destroyed.

5. <u>Redacting Protected Documents</u>. For any document or transcript designated as Protected Information, Plaintiff may request that Defendant redact the Protected Information contained in that document so that the document's handling is not subject to this Order, provided that Plaintiff's counsel represents that it needs a redacted version of the document for purposes of this litigation. Plaintiff agrees to provide reasonable notice to Defendant of the date by which it needs the redacted version.

6. <u>Restrictions on the Use of Protected Information</u>. Protected Information disclosed to Plaintiff is solely for the purpose of conducting this litigation and may not be used by Plaintiff for any other purpose.

7. <u>Disclosure of Protected Information</u>. Plaintiff may disclose Protected Information only to persons authorized by this Order, subject to any conditions specified in this Order.

8. <u>Safeguarding Protected Information</u>. Each person receiving Protected Information shall maintain such information in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

9. <u>Individuals Permitted Access to Protected Information</u>. The following may view, handle, and retain Protected Information subject only to the requirements of paragraph 8: Government counsel, Government employees and those the Government deems appropriate; this Court and employees it authorizes; the United States Court of Appeals for the Federal Circuit and employees it authorizes; Plaintiff's counsel, and such legal staff as necessary to assist counsel in the conduct of the litigation.

10. <u>Access to Protected Information by Plaintiff and Witnesses</u>. The following may have access to Protected Information to the extent and subject to the conditions described in paragraph 8, and as follows:

    a. Plaintiff may view and handle Protected Information only in the physical presence of Plaintiff's counsel. Plaintiff shall not physically retain or possess Protected Information.

    b. Plaintiff may orally discuss the contents of Protected Information with Plaintiff's counsel by any means (e.g., meeting or telephone), provided that Plaintiff may not record or take notes reflecting such Protected Information.

   c. Provided that Plaintiff's counsel deems it necessary, Plaintiff's counsel may orally discuss the contents of Protected Information with witnesses by any means (e.g., meeting or telephone) and those witnesses may handle and view Protected Information, provided that Plaintiff's counsel informs them of the Protective Order.  Witnesses shall not physically retain Protected Information or record or take notes reflecting such Protected Information.

11. <u>Applying for Access to Protected Information</u>.  Upon order of this Court or stipulation of the Parties, others may be provided access to Protected Information, according to the terms of the order or stipulation and subject to the requirements of paragraph 8.

   a. <u>Access by Court Order</u>.  To receive access to Protected Information by order of this Court, an individual must complete the appropriate application form (Form 9 – "Application for Access to Information Under Protective Order by Outside or Inside Counsel," or Form 10 – "Application for Access to Information Under Protective Order by Expert Consultant or Witness") and must file the executed application with the court.

   b. <u>Objecting to an Application for Admission</u>.  Any objection to an application for access by an individual not covered by paragraph 9 or 10 must be filed with the court within two (2) business days of the objecting party's receipt of the application.

   c. <u>Receiving Access to Protected Information</u>.  If no objections have been filed by the close of the second business day after the other parties have received the application, the applicant will be granted access to Protected Information subject to the conditions described in paragraph 8 without further action by the court.  If any party files an objection to an application, access will only be granted by court order.

12. <u>Breach of Protective Order</u>.  Should a party discover that information has been disclosed in violation of this Order, the party must promptly report that fact to the other party.  To the extent necessary, the parties shall work together to cure the violation and retrieve all copies of any Protected Information that may have been disclosed contrary to this Order.

13. <u>Filing Protected Information</u>.  Any pleading, motion, or other document submitted or presented to or filed with the Court containing Protected Information shall be filed under seal.  In the event that any Protected Information is used in any Court proceeding, the parties shall attempt to stipulate to the procedures for the use of Protected Information in such proceedings, with the goal of preserving the protections provided by this agreement.

14. <u>Challenging Defendant's Designation of Material as Protected Information</u>.  Nothing in the Order precludes Plaintiff from challenging Defendant's designation of material as Protected Information pursuant to this Order, i.e., the designation by Defendant's counsel alone will not resolve the propriety of the designation pursuant to this Order.  Plaintiff may challenge such designations by notifying Defendant's counsel and conferring in good faith

for the purpose of resolving Plaintiff's objection.  Following such a conference, Plaintiff may file a motion with the Court regarding the designation of or procedures for the use of the Protected Information.  Until the Court resolves the objection, Plaintiff must continue to treat any information in accordance with Defendant's designation.

15. <u>Seeking Relief From the Protective Order</u>.  Nothing in the Order precludes either party from seeking relief from the Order through the filing of a motion with the Court, setting forth the basis for the relief sought.

16. <u>Disclosure of Privilege</u>.  Nothing in this Order requires Defendant to disclose information whose disclosure is not otherwise required by the Rules of the Court of Federal Claims or that is protected by a privilege, including a law enforcement privilege.  Any documents or information over which Defendant seeks to withhold on the basis of privilege shall be identified on a privilege log in accordance with applicable rules and law.  Plaintiff, however, may challenge any such claim of privilege and if she prevails in that challenge, the procedures of this Order may be invoked if the information at issue is Protected Information, as defined by this Order.

17. <u>Disposing of Protected Information</u>. Within ninety days after the conclusion of this litigation, including any appeal, Plaintiff's counsel shall return to Defendant all documents and materials, including copies, designated as Protected Information that was produced by Defendant in this litigation that is in the possession of Plaintiff's counsel or in the possession of those persons to whom Plaintiff's counsel provided  Protected Information, provided however, that Plaintiff's counsel shall be permitted to retain, in hard copy form and in a secure manner, one copy of all pleadings filed with the Court in this litigation.  Plaintiff's counsel also shall destroy all copies of documents and materials designated as Protected Information that were produced by the Defendant in this litigation, that Plaintiff's counsel stored or saved on electronic information systems, including any backups, and shall notify Defendant's attorney of record that these materials were destroyed.

**IT IS SO ORDERED.**

                                                                             s/Elaine D. Kaplan
                                                                             ELAINE D. KAPLAN
                                                                             Judge, U.S. Court of Federal Claims