**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| CLAUDIA ASTRID HURTADO VARGAS, | ) ) ) | |
| Plaintiff, | ) ) | No. 12-508C |
| v. | ) ) | Judge Elaine D. Kaplan |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE**

Douglas W. Baruch (attorney of record)
Neaha P. Raol
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, N.W.
Washington, DC  20006
Phone:  (202) 639-7052
Facsimile:  (202) 639-7003
douglas.baruch@friedfrank.com
neaha.raol@friedfrank.com

Counsel for Plaintiff Claudia Astrid Hurtado Vargas

Date:  March 18, 2016

Plaintiff Claudia Astrid Hurtado Vargas ("Plaintiff" or "Ms. Hurtado") respectfully submits this opposition to the Motion to Intervene filed by Alvarez Martinez Law Firm, L.L.C. ("Alvarez Martinez"). For the reasons set forth below, the Motion should be denied.

## BACKGROUND

Ms. Hurtado commenced this Action against the United States over three-and-a-half years ago. In April 2015, following discovery, the parties commenced settlement discussions and have kept the Court apprised of their progress through regular Joint Status Reports. Dkt. Nos. 62, 64, 66, 68-69, 71-72, 74, 76, 78, 80, 82, 84. After months of negotiations, the parties finalized the terms of their settlement. In their March 4, 2016 Joint Status Report, through their respective counsel of record, Ms. Hurtado and the United States reported to the Court that they had fully executed a final settlement (the "Settlement Agreement"), that the parties were complying with their respective obligations thereunder, and that they expected to file a Stipulation of Dismissal by April 4, 2016. Dkt. No. 84. Alvarez Martinez filed its Motion to Intervene ("Motion") shortly thereafter. Dkt. No. 85.

The Motion does not challenge the substance of the Settlement Agreement or make any claim pertaining to the merits of the underlying claims in this litigation that led to the Settlement Agreement. Rather, the Motion focuses on an ancillary and nascent fee dispute having nothing to do with (a) the United States, or (b) the breach of contract claims on which this Court's jurisdiction rests. Moreover, the Motion, if successful, would lead to injunction proceedings in this Court over a fee dispute for which Alvarez Martinez has admitted it has an alternative forum in which to press any rightful claim.[1]

---

[1] Alvarez Martinez was Plaintiff's counsel of record until it was replaced in that capacity by Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") on May 5, 2014. Dkt. No. 26. Fried Frank has served as Plaintiff's lead counsel for the past two years. Alvarez Martinez purported to continue to represent Ms. Hurtado until it terminated its attorney-client relationship with Ms. Hurtado on March 4, 2016.

1

**ARGUMENT**

Alvarez Martinez's Motion should be denied.  The Motion pertains to an ancillary fee dispute that does not meet the standards for intervention.  Indeed, as set forth below, this exact scenario has arisen in the federal courts – where a party's former counsel has sought to intervene in legal proceedings to enforce an alleged fee arrangement – and court holdings are clear that intervention is not appropriate.

Alvarez Martinez attempts to justify intervention under Rule 24(a) of the Rules of the Court of Federal Claims ("RCFC"), which applies to interventions of right, but that Rule does not apply here.  RCFC 24(a) authorizes intervention of right in two circumstances.  First, a party has an unconditional right to intervene if such intervention is pursuant to express statutory authority.  RCFC 24(a)(1).  Here, Alvarez Martinez cites no such statutory authority.  Second, a party may intervene as of right if he "claims an interest relating to the property or transaction which is the subject of the action" as long as he also is "so situated that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless [his] interest is adequately represented by the existing parties."  RCFC 24(a)(2).  As explained below, Alvarez Martinez has no such "interest" in the "property or transaction that is the subject of [this] action."  Furthermore, "disposition of [this] action" would not "impair or impede [Alvarez Martinez's] ability to protect" any supposed interest it may have.

**I.     Alvarez Martinez Has Not Claimed an Interest Relating to the Property or Transaction that is the Subject of the Action**

The subject of this Action is set forth clearly in the Complaint.  It is a contract dispute between Ms. Hurtado and the United States.  Alvarez Martinez was not a party to the contract at issue in the Complaint, nor was it a beneficiary of that contract.  Rather, Alvarez Martinez's sole connection to this Action is in its capacity as counsel to Ms. Hurtado.  And the alleged dispute

2

that serves as the purported basis for intervention arises out of a separate and distinct contract for legal services between Alvarez Martinez and Ms. Hurtado. The United States is not a party to that contract. That contract is not mentioned (expressly or implicitly) anywhere in the Complaint or in any of the pre-Settlement Agreement filings in this Court.

As such, the alleged "interest" of Alvarez Martinez cannot be characterized as the "property or transaction that is the subject of the action" in this Court.[2] At most, Alvarez Martinez may claim to have an economic interest in the proceeds of the litigation, but any such interest does not meet the intervention of right standard set forth in RCFC 24(a)(2). *See Amer. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1560-61 (Fed. Cir. 1989) (holding that the moving party's interest must be: (1) "legally protectable . . . which has been held to require something more than merely an economic interest," and (2) sufficiently "direct, substantial" [and] immediate"); *see also Liberty Mut. Ins. Co. v. Treesdale*, Inc., 419 F.3d 216, 220-21 (3d Cir. 2005) ("In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.") (internal quotations omitted).

Indeed, there is significant authority under analogous Federal Rule of Civil Procedure 24(a) holding that attorneys do not have a right to intervene in former clients' cases to protect fee interests. For instance, the D.C. District Court has held that the "interest" at issue in Rule 24(a) must be "direct, substantial and significantly protectable" and that a fee dispute raised by former counsel does not satisfy these criteria. *Alex v. Watt*, 76 A.L.R. Fed. 633, 635-36 (D.D.C. 1984)

---

[2] Ms. Hurtado disputes and denies the Alvarez Martinez claims with respect to the fee dispute and reserves her rights, in the appropriate forum and at the appropriate time, to contest those allegations on the merits and to assert whatever claims against Alvarez Martinez she may have with respect to the past attorney-client relationship between Alvarez Martinez and herself.

3

(rejecting motion to intervene by plaintiff's former counsel because his attorneys' fees claim was an indirect and derivative interest, not the direct interest at stake under Rule 24(a)(2)); *see also Susquenita Sch. Dist. v. G.W.*, Civ. Action No. 1:10-CV-1897, 2012 U.S. Dist. Lexis 59422, at *8-11 (M.D. Pa. Apr. 13, 2012) (rejecting former counsel's motion to intervene because the purported interest in collecting attorneys' fees derived from the settlement of the case was unrelated to the subject of the action and finding that this "proposed 'interest' has no basis in law and is against public policy").

In fact, the D.C. District Court has considered and rejected the precise procedure Alvarez Martinez seeks to pursue here – a motion to intervene as of right by former counsel, based on an alleged contingency arrangement with the former client, after the parties reached an agreement to settle the case. *See Dixon-Covington v. AARP*, Civ. Action No. 04-1338, 2005 U.S. Dist. Lexis 10961 (D.D.C. May 5, 2005). That court, despite acknowledging former counsel's allegations that defendant intended to distribute settlement proceeds directly to plaintiff and that plaintiff did not intend to pay former counsel 40% of those proceeds, denied intervention. *Id*. at *3, *8. The court held that plaintiff's former counsel "has no legally cognizable interest in this action" and stated further that the court "knows of no authority" holding that former counsel may intervene as of right pursuant to Rule 24(a)(2) for the purpose of obtaining attorney's fees claimed in accordance with a retainer agreement." *Id*. at *5-6, *8. The same result is warranted here.

Alvarez Martinez cites no contrary binding or persuasive authority. Instead, it relies on two, decades-old Fifth Circuit cases[3] which have since been criticized and questioned – even by courts in the Fifth Circuit. *See Alam v. Fannie Mae*, No. H-02-4478, 2007 U.S. Dist. Lexis 92209, at *10-13 (S.D. Tex. Dec. 12, 2007) (refusing to extend *Gaines* and *Gilbert*, which offer

---

[3]    *See* Mot. ¶ 19 (citing *Gilbert v. Johnson*, 601 F.2d 761 (5th Cir. 1979) and *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970)).

4

"little reasoning in support of their holdings," and noting that "on several occasions the Fifth Circuit has questioned the line of decisions" that allow intervention of right by former counsel); *see also Susquenita Sch. Dist.*, 2012 U.S. Dist. Lexis 59422, at *11 (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) ("This Court, like subsequent panels of the Fifth Circuit and the Second Circuit, is 'not presently persuaded by the reasoning of [*Gaines*].'").

Based on the text of RCFC 24(a)(2) and the interpretation of the requirements set forth in that Rule by various federal courts, Alvarez Martinez has no interest that justifies intervention in this action.[4]

## II. Disposition of This Action Will Not Impair or Impede Alvarez Martinez's Ability to Protect Its Interest

Even if the Court were to find that Alvarez Martinez has a qualifying interest in this litigation, Alvarez Martinez offers nothing but speculation to support its contention that its interest will be impaired absent intervention and an injunction by this Court. If Alvarez Martinez has any valid claim against Ms. Hurtado for unpaid legal fees in this Action, that claim will arise only *after* the United States actually pays the settlement amount in accordance with the terms of the Settlement Agreement. Thus, the ultimate disposition of this Action – via payment of the settlement as instructed and the Stipulation of Dismissal that will follow – would not impair Alvarez Martinez's rights. To the contrary, the final disposition of this Action is a necessary precedent to the assertion of whatever separate contractual rights Alvarez Martinez may have with regard to Ms. Hurtado. As such, there are no grounds for this Court to allow Alvarez

---

[4] The Motion does not seek permissive intervention under RCFC 24(b), nor could it plausibly do so under that Rule's standards: there is no statute providing a conditional right to intervene and Alvarez Martinez does not have any claims or defenses that share a common question of law or fact with Ms. Hurtado's action against the United States. *See* RCFC 24(b)(1). Additionally, any granting of intervention by the Court would unduly delay resolution of this case and the parties' ability to seek dismissal of the case. *See* RCFC 24(b)(3).

5

Martinez to interfere with the respective obligations of the United States and Ms. Hurtado under the fully and duly executed Settlement Agreement.

The contention of Alvarez Martinez that it may not be able to recover whatever fees it may be due absent this Court's injunction is speculative and unsupported. *See Susquenita Sch. Dist.*, 2012 U.S. Dist. Lexis 59422, at *16 n.6 (party seeking intervention must put forth "reasons that their alleged interest will be impaired"). Moreover, to the extent that Alvarez Martinez attempts to rely on incomplete, attorney-client privileged information within its Motion, such an attempt is inappropriate and should not be considered by this Court.

Furthermore, Alvarez Martinez has not demonstrated that it lacks an adequate remedy at law to enforce any valid contractual rights it may have. To the contrary, while seeking to intervene in this Action to invoke this Court's injunctive power (if any) to block payment of settlement proceeds, the reality is that the very contract from which its claim purportedly arises has a specific dispute resolution mechanism. The Alvarez Martinez engagement letter – written by Alvarez Martinez itself – specifies that fee disputes are to be resolved by the District of Columbia Bar Association's Attorney/Client Arbitration Board. *See* Mot. ¶ 20. In other words, Alvarez Martinez admits that it has a forum to which it can submit its separate fee dispute with Ms. Hurtado. This alternative remedy should be dispositive here. *See Susquenita Sch. Dist.*, 2012 U.S. Dist. Lexis 59422, at *15-16 ("[E]ven if [former counsel] did have an interest in the instant litigation, which they do not, they have failed to show that their interest would be impaired by the Court barring their intervention in this matter, as they have adequate alternate recourse and the proposed settlement will have no impact on their right to pursue their attorney's fees."); *Dixon-Covington*, 2005 U.S. Dist. Lexis 10961, at *7-8 (former counsel not entitled to

intervention where he was "free to pursue any remedies available consistent with the terms of his contract with Plaintiff").

***

The Motion to Intervene does not meet the standards prescribed by RCFC 24(a)(2). Alvarez Martinez has no valid interest in this Action, and the denial of its Motion will not impair its ability to protect its separate interest in pursuing compensation for legal services. The United States and Ms. Hurtado should be permitted to fulfill their obligations as set forth in the executed Settlement Agreement so that they can resolve (with finality) this Action.

## CONCLUSION

For the foregoing reasons, the Court should deny Alvarez Martinez's Motion to Intervene.

March 18, 2016                                                          Respectfully submitted,

/*s*/  Douglas W. Baruch
Douglas W. Baruch (attorney of record)
Neaha P. Raol
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, N.W.
Washington, DC  20006
Phone:  (202) 639-7052
Facsimile:  (202) 639-7003
douglas.baruch@friedfrank.com
neaha.raol@friedfrank.com

Counsel for Plaintiff Claudia Astrid Hurtado Vargas

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18 day of March, 2016, the foregoing Plaintiff's Opposition to Motion to Intervene is to be filed using the CM/ECF system, which will then send a notification of such filing to the following:

James P. Connor
Commercial Litigation Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 480
Washington, DC 20044
(202) 307-6290
james.connor@usdoj.gov
Attorney for Defendant

Paul O'Reilly
O'Reilly & Mark, P.C.
11200 Rockville Pike, Ste. 405
N. Bethesda, MD
(301) 231-6330
poreilly@oreillymark.com
Attorney for Alvarez Martinez Law Firm, L.L.C.

                                                        */s/*   Neaha P. Raol
                                                        Neaha P. Raol
                                                        Fried, Frank, Harris, Shriver & Jacobson LLP
                                                        801 17th Street, N.W.
                                                        Washington, DC  20006
                                                        Phone:  (202) 639-7065
                                                        Facsimile:  (202) 639-7003
                                                        neaha.raol@friedfrank.com
                                                        Attorney for Plaintiff