IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CLAUDIA ASTRID HURTADO VARGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-508C |
| | ) | (Judge Kaplan) |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO MOTION TO INTERVENE

Defendant, the United States, respectfully submits this response to the motion to intervene filed by the Alvarez Martinez Law Firm (Alvarez Martinez), former counsel of record for the plaintiff in this case, Ms. Hurtado. Alvarez Martinez's motion lacks merit and should be denied for two independent reasons. First, the motion should be denied because Alvarez Martinez's attorney fees dispute with Ms. Hurtado does not meet the intervention requirements set forth in Rule 24(a) of the Rules of the Court of Federal Claims (RCFC). Second, the motion should be denied because Alvarez Martinez lacks a legally protectable interest in this Court as the United States is not a party to the attorney-client agreement relied upon by Alvarez Martinez. *See* 28 U.S.C. § 1491(a)(2). For both reasons, the Court should deny Alvarez Martinez's motion to intervene and allow the parties to this case to fulfill their obligations under the parties' recently executed settlement agreement.

## ARGUMENT

### I.  Alvarez Martinez Cannot Meet The Intervention Requirements of RCFC 24

RCFC 24(a) – the rule under which Alvarez Martinez seeks to intervene in this case – provides two bases for intervention of right. First, a party may intervene if it has identified an "unconditional right to intervene by [F]ederal statute." RCFC 24(a)(1). Alvarez Martinez fails

to identify any such statutory authority.  *See* ECF No. 85, Mot. to Intervene (March 4, 2016).

Second, a party may intervene as of right if it can establish (1) that it has "an interest relating to

the property or transaction which is the subject of the action," (2) "disposing of the action may as

a practical matter impair or impede the applicant's ability to protect that interest," and (3) the

party's interest is not adequately represented by the existing parties.  RCFC 24(a)(2).  Although

the requirements for intervention are to be construed in favor of intervention, the Court cannot

rely upon conclusory allegations alone.  *Am. Renovation & Const. Co. v. United States*, 65 Fed.

Cl. 254, 257-58 (2005).  As explained below, Alvarez Martinez fails to establish the first two

required elements for intervention.

### A.      Alvarez Martinez Lacks A Sufficient Interest To Justify Intervention

Intervention is proper only to protect those interests which are "of such a direct and

immediate character that the intervenor will either gain or lose by the direct legal operation and

effect of the judgment."  *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir.

1989) (citing *United States v. American Telephone and Telegraph Co.,* 642 F.2d 1285, 1290-91

(D.C. Cir. 1980)).  As a result, to qualify for intervention, the interest asserted by the party

seeking to intervene "may not be either indirect or contingent."  *Id.*

Here, Alvarez Martinez does not have an interest in the property or transaction which is

the subject of this litigation because the claim for attorney fees is both indirect and contingent to

the claims in this action.  This case involves a breach of contract claim asserted by Ms. Hurtado

against the United States.  *Hurtado Vargas v. United States*, 114 Fed. Cl. 226, 228 (2014).

Alvarez Martinez was not a party to any agreement between Ms. Hurtado and the United States,

*id.*, nor does Alvarez Martinez's motion to intervene allege that he was a third-party beneficiary

to any agreement.  ECF No. 85.  Rather, Alvarez Martinez's purported interest in this litigation

arises from a different contract altogether – an attorney-client agreement between Alvarez Martinez and Ms. Hurtado.  *Id*. at 1-2.  The attorney-client agreement, however, is wholly unrelated to any of Ms. Hurtado's claims in this case; indeed, the attorney-client agreement is never mentioned in the complaint.  ECF No. 1, Compl. (June 12, 2012).  Moreover, Alvarez Martinez's sole rationale for intervention – that it may not be able to recover a portion of the settlement proceeds from Ms. Hurtado – is contingent because it is premised upon the speculative assertion that Ms. Hurtado will not abide by the terms of the attorney-client agreement with Alvarez Martinez.  *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) ("An interest that is 'contingent upon the occurrence of a sequence of events before it becomes colorable' is also not sufficient to satisfy Rule 24(a)(2)) (citing *Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 571 (8th Cir. 1998); *Washington Elec. v. Mass. Mun. Wholesale Elec.,* 922 F.2d 92, 97 (2d Cir.1990)).

At most, Alvarez Martinez claims to have an economic interest in the proceeds of the litigation.  Any such interest, however, does not meet the intervention of right standard set forth in RCFC 24(a)(2).  *See Am. Mar. Transp., Inc.*, 870 F.2d at 1561 ("more than merely an economic interest" is required to meet standards for mandatory intervention under Rule 24(a)); *Med. Liab. Mut. Ins. Co.*, 485 F.3d at 1008 ("An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention."); *Liberty Mut. Ins. Co. v. Treesdale*, Inc., 419 F.3d 216, 220-21 (3d Cir. 2005) ("In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene.") (citation omitted).

Federal courts have denied motions to intervene by former counsel asserting attorney fee's disputes related to settlement proceeds.  For example, as Ms. Hurtado pointed out in her response to Alvarez's Martinez's motion to intervene, the United States District Court for the

District of Columbia has considered and rejected a motion to intervene in circumstances similar
to this case.  ECF No. 78, Pl. Br. at 4 (citing *See Dixon-Covington v. AARP*, 2005 WL 1271675
(D.D.C. May 5, 2005)).  In *Dixon,* former counsel sought to intervene based on an alleged
contingency arrangement with the former client, after the parties reached an agreement to settle
the case.  *Id*. at *1.  The court held that plaintiff's former counsel "has no legally cognizable
interest in this action" and stated further that the court "knows of no authority" holding that
former counsel may intervene as of right pursuant to Rule 24(a)(2) "for the purpose of obtaining
attorney fees claimed in accordance with a retainer agreement." *Id*. at *2-3.  Other courts have
also correctly reached the same result.  *See White v. United States*, 2006 WL 1722301 (D. Ariz.
June 19, 2006) (denying motion to intervene because the claim for attorney fees "is several
degrees removed from the . . . claims which are the backbone of this litigation."); *Susquenita
Sch. Dist. v. G.W. ex rel. A.P.,* 2012 WL 1268219, at *3 (M.D. Pa. Apr. 13, 2012) (denying
former counsel's motion to intervene to collect attorney fees); *Gov't of the V.I. v. Lansdale,* 2010
WL 2991053, at *3 (D.V.I. July 26, 2010) (same).

  To support its position that a former counsel may intervene to assert attorney fees claims,
Alvarez Martinez relies only upon two decades-old cases from the United States Court of
Appeals for the Fifth Circuit.  ECF No. 85 at 7 (citing *Gilbert v. Johnson*, 601 F.2d 761 (5th Cir.
1979) and *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970)).  Even the Fifth Circuit
has acknowledged that the decision in *Gaines* (which was applied in *Gilbert*) "may not represent
the most persuasive use of Fed.R.Civ.P. 24."  *Keith v. St. George Packing Co.,* 806 F.2d 525,
526 (5th Cir. 1986); *see also Alam v. Fannie Mae,* 2007 WL 4411544, at *4 n. 3 (S.D. Tex. Dec.
12, 2007) (finding that *Gaines* offers "little reasoning" in support of its holding and noting that
"the most in-depth discussion on the matter [of attorney intervention to collect attorney fees] has

been that which has focused on the criticism of the *Gaines* doctrine."). Other Federal courts have recognized that *Gaines* has been "heavily criticized" and that "[c]ourts from other jurisdictions have since rejected the logic of *Gaines* and found that an attorney is not entitled to intervene to protect his interest in recovering fees." *Patel v. Barot*, 2014 WL 2696684, at *3 (E.D. Va. June 13, 2014) (citing *Butler. Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 179 (2nd Cir. 2001) (and *Newman v. Mutual Life Ins. Co. of New York,* 206 F.R.D. 410, 411 (D. Md. 2002)); *see also Susquenita Sch. Dist.,* 2012 WL 1268219, at *3 ("This Court, like subsequent panels of the Fifth Circuit and the Second Circuit, is 'not presently persuaded by the reasoning of *[Gaines]*.'"); *Lansdale,* 2010 WL 2991053, at *3 (declining to apply *Gaines* and concluding that a former attorney's interest in fees "is merely economic and as such, does not constitute an interest sufficient for intervention under Rule 24(a).");

The Court should also not apply the *Gaines* decision, but should rule consistently with the vast majority of Federal courts that hold that a former counsel's attorney fees claim is insufficient to intervene in an action under Rule 24(a). Here, because Alvarez Martinez's attorney fees claim is unrelated to Ms. Hurtado's breach-of-contract claims, Alvarez Martinez lacks a sufficient interest to justify intervention. The motion to intervene should thus be denied.

**B.      Disposing Of This Action Will Not Impair Or Impede Alvarez Martinez's Ability To Protect Its Interests**

Even if the Court were to find that Alvarez Martinez has a sufficient interest in this litigation to intervene, Alvarez Martinez also fails the meet second requirement of RCFC 24(a) – that disposing of the action may as a practical matter impair or impede Alvarez Martinez's ability to protect its interest. RCFC 24(a)(2). According to Alvarez Martinez, it meets this requirement because intervention "may be the only way in which Alvarez Martinez is able to recover its fees." ECF No. 85 at 6. This argument lacks merit as Alvarez Martinez provides no

legitimate support for its assertion that it will not be able to recover its attorney fees from Ms. Hurtado.  *See generally* ECF No. 85 at 6 (arguing only that it may not be able to recover fees because Ms. Hurtado "has limited connections to the United States.").  In any event, Alvarez Martinez's own motion to intervene states that it has another forum to resolve its dispute with Ms. Hurtado and protect its interests.  *Id*. at 7 (stating that Alvarez Martinez is "currently in the process of [ ] requesting the arbitration of the [Attorney/Client Arbitration Board of the District of Columbia Bar Association].").  As a result, Alvarez Martinez cannot demonstrate that disposing of this action through fulfillment of the parties' settlement agreement will impair or impede its interests.

In a similar case, the United States District Court for the District of Arizona held that a former counsel had not demonstrated that disposition of the action would impair or impede the former counsel's efforts to collect attorney's fees.  *White v. United States,* 2006 WL 1722301, at *3 (D. Ariz. June 19, 2006).  The court reasoned that, "if a party has another avenue available to it through which it may seek protection of its purported interest, it cannot as a practical matter claim [under Rule 24(a)(2)] that its interest will be impaired without intervention."  *Id.* (citations and internal quotation marks omitted).  In that case, the former counsel had filed a separate state court action to recover attorney fees, just as Alvarez Martinez has apparently requested arbitration to resolve the attorney fees dispute that it argues warrants intervention.  *Id*.  The court denied the motion to intervene in *White* partly because "the fact that a resolution in [the state court] matter may take longer to reach than [former counsel] desires does not show that its interest in attorney fees and costs would be impaired if intervention in this matter is denied."  *Id.*; *Dixon-Covington,* 2005 WL 1271675, at *3 (same); *Blake v. Pallan,* 554 F.2d 947, 954 (9th Cir. 1977) ("Mere inconvenience . . . caused by requiring [a party] to litigate separately is not the sort

of adverse practical effect contemplated by Rule 24(a)(2).”); *Turner v. Farnam,* 82 Ark. App. 489, 494 (2003) (“[I]f the person seeking intervention will be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention of right.”).

If Alvarez Martinez ends up being correct that Ms. Hurtado will not pay attorney fees that are required by their attorney-client agreement, Alvarez Martinez may bring a civil action against Ms. Hurtado at that time.  Any such dispute has nothing to do with the United States or this case. There is thus no basis to allow Alvarez Martinez to intervene in this action based upon its predictions that Ms. Hurtado will breach the attorney-client agreement, particularly when Alvarez Martinez retains the right to bring an action to enforce its contractual rights in the appropriate forum.  As a result, Alvarez Martinez has failed to establish that disposing of this action will impair or impede its interests and the motion to intervene should be denied.

## II.      Alvarez Martinez Lacks A Legally Protectable Interest In This Court Because The United States Is Not A Party To The Attorney-Client Agreement

As described above, intervention is proper only to protect those interests that are legally protectable, and not merely economic interests.  *Am. Mar. Transp.*, 870 F.2d at 1562; *Osage Tribe of Indians of Oklahoma v. United States*, 85 Fed. Cl. 162, 170 (2008).  A legally protectable interest is “one which the substantive law recognizes as belonging to or being owned by the applicant.” *Am. Mar. Transp.*, 870 F.2d at 1562.  “The interest of an applicant non-party having no privity claim in a contract . . . also has not been recognized as legally protectable, even when the outcome of the contract action is almost certain to have a significant and immediate economic impact on the applicant.” *Id*.  The requirement that the movant’s interest is legally protectable is in addition to the requirements that the interest be direct and immediate.  *Osage Tribe*, 85 Fed. Cl. at 170.

7

In *Osage Tribe,* two individual headright owners sought to intervene in a suit between the Tribe and the Government over mineral rights. *Id*. at 169. The proposed intervenor's *pro rata* share of the mineral estate depended upon the outcome of the litigation between the Tribe and the Government. *Id*. at 169-170. Nevertheless, the Court held that the headright owners' interest was not "legally protectable" because they had no rights that could be enforced in the case in which they proposed to intervene. *Osage Tribe*, 85 Fed. Cl. at 170-171.

Alvarez Martinez's interest in this litigation is even less direct and does not qualify as a legally protectable interest. Specifically, Alvarez Martinez has no cause of action or any other right that can be enforced or litigated in this Court. Despite Alvarez Martinez's request for intervention, this Court lacks jurisdiction to resolve disputes relating to the attorney-client agreement between Alvarez Martinez and Ms. Hurtado because the United States is not a party to that agreement. *See* 28 U.S.C. § 1491(a)(2); *Southern California Fed. Sav. & Loan Ass'n. v. United States*, 422 F.3d 1319, 1328 (Fed. Cir. 2005). The Court should thus deny the motion to intervene and allow the parties to fulfill their obligations under the settlement agreement.[1]

CONCLUSION

For these reasons, the Court should deny Alvarez Martinez's motion to intervene.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

---

[1] The United States has submitted the signed settlement agreement to the Judgment Fund for payment to Ms. Hurtado in accordance with 31 U.S.C. § 1304. We expect that payment will be made to Ms. Hurtado within 14-30 days, at which point the parties will submit a joint stipulation for dismissal of the action with prejudice, in accordance with the parties' settlement agreement.

OF COUNSEL:

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

CHRISTOPHER J. CARNEY
Senior Trial Counsel

s/ James P. Connor
JAMES P. CONNOR
Trial Attorney
Commercial Litigation Branch

MICHAEL A. RODRIGUEZ
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice

Civil Division
U.S. Department of Justice
Ben Franklin Station
P. O. Box 480
Washington, DC 20044

March 21, 2016

Tel: (202) 307-6290
Attorneys for Defendant