# In the United States Court of Federal Claims

No. 12-508C
(Filed: March 29, 2016)

```
* * * * * * * * * * * * * * * * *
                                 *
CLAUDIA ASTRID HURTADO VARGAS,   *
                                 *
                  Plaintiff,     *
                                 *
       v.                        *
                                 *
THE UNITED STATES OF AMERICA,    *
                                 *
                  Defendant.     *
                                 *
* * * * * * * * * * * * * * * * *
```

Keywords: Motion to
Intervene; RCFC 24(a);
Direct and Immediate
Character; Settlement
Agreement.

*Paul O'Reilly*, O'Reilly & Mark, P.C., Bethesda, MD, for movant Alvarez Martinez Law Firm LLC.

*Douglas W. Baruch*, with whom was *Neaha P. Raol*, Fried, Frank, Harris, Shriver & Jacobson LLP, Washington, DC, for Plaintiff.

*James P. Connor*, Trial Attorney, Commercial Litigation Branch, with whom were *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, U.S. Department of Justice, Washington, DC, for Defendant. Of Counsel: *Michael A. Rodriguez*, Trial Attorney, and *Christopher J. Carney*, Senior Trial Counsel, Commercial Litigation Branch, U.S. Department of Justice, Washington, DC.

## ORDER DENYING MOTION TO INTERVENE

**KAPLAN**, **Judge.**

The Alvarez Martinez Law Firm, L.L.C. (Alvarez Martinez or "the firm"), which formerly represented Plaintiff Claudia Astrid Hurtado Vargas in this case, has filed a motion to intervene in the case pursuant to Rules of the Court of Federal Claims (RCFC) 24(a)(2). The firm contends that intervention is necessary to enable it to protect its interest—as a party to a contingency fee agreement with the Plaintiff—in the proceeds of a settlement that Ms. Hurtado Vargas recently entered with the government.

As discussed below, intervention is not proper here because the firm's interest in securing its contingency fee is not an interest in "the property or transaction that is the subject of the action" within the meaning of RCFC 24(a)(2). Further, even had the firm

demonstrated the requisite interest, intervention is not appropriate under RCFC 24(a)(2) because Alvarez Martinez could adequately protect its interest in the contingency fee through means other than intervention. Accordingly, Alvarez Martinez's motion to intervene is **DENIED**.

**BACKGROUND**

Ms. Hurtado Vargas ("Hurtado") is a Colombian citizen, who brought this action claiming that the government breached express and/or implied contracts it entered into with her to secure her services as a confidential informant in connection with criminal investigations that U.S. law enforcement authorities conducted in Colombia between 1998 and 2001. Vargas v. United States, 114 Fed. Cl. 226, 228 (2014). She claims that the government violated its contractual obligation to provide her with protection and judicial assistance in exchange for her services and that, as result, she was arrested, prosecuted, and imprisoned by Columbian authorities.  She seeks $15 million in damages with interest and the costs of this suit. Id.

In June 2011, Ms. Hurtado Vargas retained Alvarez Martinez to represent her in pursuing her claims. See Mot. to Intervene ¶ 1, ECF No. 85; see also id. Ex. 1 ¶ 2, ECF No. 85-1 (retainer agreement). Alvarez Martinez and Ms. Hurtado Vargas agreed that the firm would receive a contingency fee of thirty-eight percent of any net recovery in the case. Id. Ex. 1 ¶ 5. Ms. Hurtado Vargas also "authoriz[ed]" Alvarez Martinez to "receive amount(s) recovered (if any) by settlement, final arbitration award or final judgment; to deposit it in the IOLTA (escrow) bank account of the Law Firm; and to distribute it according to this agreement." Id. Finally, Ms. Hurtado Vargas and the firm agreed to arbitrate any fee dispute that might arise before the D.C. Bar Association's Attorney/Client Arbitration Board. Id. ¶ 17.

After filing this case on behalf of Ms. Hurtado Vargas in August 2012, see Compl., Alvarez Martinez represented Ms. Hurtado Vargas in her successful opposition to the government's motion to dismiss, see Op. Denying Mot. to Dismiss, ECF No. 22 (Jan. 27, 2014). Soon afterwards, Alvarez Martinez entered into a co-counsel agreement with the law firm Fried, Frank, Harris, Shriver & Jacobson, LLP (Fried Frank) regarding Ms. Hurtado Vargas's further representation in this matter. See Mot. to Intervene Ex. 2, ECF No. 85-2. Under the co-counsel agreement, Fried Frank was to take the lead role in litigating the case and was given "ultimate decision-making responsibility and authority with respect to issues of litigation procedure, legal arguments, and settlement negotiations or discussions." Id. ¶ 1. Alvarez Martinez was to "support[] Fried Frank by providing factual and legal information as requested" and would be "identified as of counsel" on future filings. Id. Fried Frank and Ms. Hurtado Vargas entered into a separate fee agreement; and Alvarez Martinez amended its retainer agreement with Ms. Hurtado Vargas to specify that any amount paid to Fried Frank would be "deducted from the amount maximum of 38% of the total recovery" that she was to pay the firm under their pre-existing contingency fee agreement. See Mot. to Intervene Ex. 3, ECF No. 85-3.

In May 2014, Fried Frank was substituted as Ms. Hurtado Vargas's counsel of record, and Alvarez Martinez was terminated. See ECF No. 26. Ms. Hurtado Vargas

eventually entered settlement negotiations with the government, and the parties have now executed a settlement agreement that includes monetary relief for Ms. Hurtado Vargas. See Joint Status Report, ECF No. 84 at 1; Def.'s Resp. to Mot. to Intervene (Def.'s Resp.) at 8 n.1, ECF No. 88; Pl.'s Opp'n to Mot. to Intervene (Pl.'s Opp'n) at 1, ECF No. 87. They anticipate filing a stipulation of dismissal with prejudice by April 4, 2016.

Alvarez Martinez contends that pursuant to the settlement agreement, the United States  agreed to wire funds directly to Ms. Hurtado Vargas and not deposit them in the Alvarez Martinez's IOLTA account, as authorized in the retainer agreement.[1] Mot. to Intervene ¶¶ 16–17. The firm speculates that after such a transfer,  "it is likely that [it] will be unable to recoup any portion of the significant attorney's fees it is due in this matter" because "Plaintiff is not a United States citizen and has limited connections to the United States." Id. ¶ 18. Citing a need to protect its purported interest in the contingency fee, the firm filed this motion on March 3, 2016. ECF No. 85. Ms. Hurtado Vargas and the government both oppose the motion. ECF Nos. 87–88.

## DISCUSSION

RCFC 24(a) sets forth the standards governing intervention as a matter of right in cases before the Court of Federal Claims.[2] In particular, RCFC 24(a)(2) directs the court to permit intervention by anyone who (1) "claims an interest relating to the property or transaction that is the subject of the action," and (2) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[3] Id. The Court concludes that neither element is satisfied in this case.

First, Alvarez Martinez does not have an interest in "the property or transaction that is the subject of the action" within the meaning of RCFC 24(a)(2). The subject of this action is a contract dispute between the United States and Ms. Hurtado Vargas. Alvarez Martinez is obviously not a party to or third-party beneficiary of that contract. The property or transaction in which Alvarez Martinez has an interest is its separate retainer agreement with Ms. Hurtado Vargas, which is not before the Court and which, of course, the Court would have no jurisdiction to enforce.

---

[1] On March 29, 2016, the government advised the Court that payment has been made to Ms. Hurtado Vargas.

[2] Because RCFC 24(a) closely tracks the language of Federal Rule of Civil Procedure (FRCP) 24(a), the Court may look to cases applying FRCP 24(a) to interpret RCFC 24(a). See Geneva Rock Prods., Inc. v. United States, 100 Fed. Cl. 778, 782 (2011) (looking to cases applying FRCP 23 when interpreting RCFC 23).

[3] Alvarez Martinez does not argue that RCFC 24(a)(1), which requires the court to permit intervention by a person who "is given an unconditional right to intervene by a federal statute," applies in this case. RCFC 24(b), governing permissive intervention, also is not applicable here.

As the Federal Circuit has held, to invoke RCFC 24(a)(2), a movant's claimed interest must be "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." See Am. Maritime Transp., Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (emphasis omitted) (quoting United States v. Am. Tel. and Telegraph Co., 642 F.2d 1285, 1292 (D.C. Cir. 1980)). That interest "may not be either indirect or contingent." Id.

In this case, any interest that Alvarez Martinez may possess in the property or transaction that was the subject of this case is an indirect one. Thus, while a judgment for Ms. Hurtado Martinez might trigger an obligation to pay Alvarez Martinez under the contingency fee agreement, that obligation would result from the operation of the (separate) contingency fee agreement, rather than by the direct legal operation of the Court's judgment. For that reason, a number of courts have held that a contingency fee arrangement does not supply an attorney or law firm with an interest in the case that is of a "direct an immediate character" under Rule 24(a)(2). See Am. Maritime Trasnp., Inc., 870 F.2d at 1561; see also Keesee v. Orr, 816 F.2d 545, (10th Cir. 1987) (discharged attorney not entitled to intervene in Title VII employment discrimination case to protect interest in statutory fee award); Dixon-Covington v. AARP, No. 04-1338, 2005 WL 1271675, at *2 (D.D.C. May 5, 2005) (former counsel's interest in a contingency fee was not an interest relating to the property or transaction that was the subject of the action); Laker Airways Ltd. v. Pan Am. World Airways, 109 F.R.D. 541, 544 (D.D.C. 1985) (partner at plaintiff's former law firm not permitted to intervene to protect interest in attorney's fee); Alex v. Watt, 76 A.L.R. Fed. 63, 636 (D.D.C. 1984) (discharged attorney not entitled to intervene in Title VII employment discrimination case to protect interest in statutory fee award).[4]

---

[4] In support of its motion, Alvarez Martinez cites two older Fifth Circuit decisions— Gaines v. Dixie Carriers, Inc., 434 F.2d 52 (5th Cir. 1970) (per curiam), and Gilbert v. Johnson, 601 F.2d 761 (5th Cir. 1979). See Mot. to Intervene ¶ 19. Needless to say, these cases do not bind this Court. Moreover, as Plaintiff points out, the cases have not aged well, having been questioned even within the Fifth Circuit itself. See Pl.'s Opp'n at 4–5 (citing Alam v. Fannie Mae, No. H-02-4478, 2007 WL 4411544, at *4–5 (Dec. 17, 2007)); see also Keith v. St. George Packing Co., 806 F.2d 525, 526 (5th Cir. 1986)). Finally, Gaines and Gilbert are also readily distinguished. Unlike the settlement in this case, Gaines involved a settlement that was subject to the court's approval. See 434 F.2d at 53–54. And Gilbert involved the application of a state statute granting an attorney's lien upon a client's cause of action. See 601 F.2d at 767. There is no question that such a lien cannot be asserted if the client's claim is against the United States unless the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, have been met. See Insurance Co. of the West v. United States, 243 F.3d 1367, 1374–75 (Fed. Cir. 2001); United States v. Transocean Air Lines, Inc., 386 F.2d 79, 81–82 (5th Cir. 1967) (observing that "[a] contingent fee in a judgment against the United States in an assignment subject to the Anti-assignment Act [and] [a]s such it is invalid unless created in compliance with the provisions of the Act." (citing Kearney v. United States, 285 F.2d 797 (1961))). Accordingly, the Court elects not follow Gaines and Gilbert in this case.

Second, and for essentially the same reasons, Alvarez Martinez also is not "so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest." See RCFC 24(a)(2). Its primary contention in this regard is that Ms. Hurtado Vargas "is not a United States Citizen and has limited connections to the United States." Mot. to Intervene ¶ 18. Presumably, this means that Alvarez Martinez anticipates that if Ms. Hurtado Vargas breaches the agreement it may experience difficulty enforcing it.

These assertions are insufficient to show that this Court's disposition of the case "may as a practical matter impair or impede [Alvarez Martinez's] ability to protect its interest." To the contrary, because the contingency fee agreement is collateral to, and not a part of this action, any judgment by the Court regarding Ms. Hurtado Vargas's contract claims would have no effect at all upon Alvarez Martinez's ability to protect its interests under that agreement. Indeed, Alvarez Martinez's right to recover under the contingency fee agreement would not even be cognizable until after any entry of judgment in this case; thus this Court's judgment cannot in any way impair or impede Alvarez Martinez's ability to protect its contractual interests.

Further, no matter what action this Court might take regarding the underlying breach of contract case, Alvarez Martinez's assertion that its interests may be compromised relies upon speculation: that Ms. Hurtado Vargas will breach the agreement. At this point, Ms. Hurtado Vargas has not, in fact, repudiated her agreement with the firm. See Mot. to Intervene ¶ 13 (stating that Ms. Hurtado Vargas informed Alvarez Martinez that she had "neither terminated Alvarez Martinez . . . [nor] refused to pay the firm"). And even if she ultimately does so, then, pursuant to the agreement the firm entered with her, it can submit any fee dispute to the District of Columbia Bar Association's Attorney/Client Arbitration Board, whose decisions are enforceable by the Superior Court of the District of Columbia. Pl.'s Opp'n at 6–7; see also Mot. to Intervene ¶ 20; DC Bar, Fee Arbitration Service Rules of Procedure, at 12 ¶ 23 (last amended Dec. 14, 2010). The existence of this alternate forum also suggests that Alvarez Martinez has means for protecting its interest in the contingency fee other than intervention in this case. See Dixon-Covington, 2005 WL 1271675, at *2. Accordingly, denying Alvarez Martinez's motion to intervene will not impede its ability to protect its interest in its fees within the meaning of RCFC 24(a)(2).

## CONCLUSION

For the reasons discussed above, Alvarez Martinez's motion to intervene is hereby **DENIED**.

**IT IS SO ORDERED**

/s/Elaine D. Kaplan
ELAINE D. KAPLAN
Judge, U.S. Court of Federal Claims